﻿Citation Nr: AXXXXXXXX
Decision Date: 04/30/21 Archive Date: 04/30/21

DOCKET NO. 200407-76633
DATE: April 30, 2021

REMANDED

Service connection for bilateral hearing loss is remanded.

Service connection for tinnitus is remanded.

REASONS FOR REMAND

The Veteran served on active duty from January 1977 to December 1979. The rating decision on appeal was issued in June 2019 and constitutes an initial decision; therefore, the modernized review system, also known as the Appeals Modernization Act (AMA), applies.

In the April 2020 VA Form 10182, Decision Review Request: Board Appeal (Notice of Disagreement) (NOD), the appellant elected the Direct Review option; therefore, the Board may only consider the evidence of record at the time of the agency of original jurisdiction (AOJ) decision on appeal. 38 C.F.R. § 20.301.

In his April 2020 NOD, the Veteran also appealed decisions for entitlement to service connection for posttraumatic stress disorder, peripheral neuropathy of the left and right upper extremities, peripheral neuropathy of the left and right lower extremities, and lumbar disc disease. In May 2020, the Veteran was notified that these issues were not received within the allowed time to appeal. Therefore, these issues are not in appellate status and are not before the Board. 

Although the Board regrets the additional delay, a remand is necessary to ensure that due process is followed and there is a complete record upon which to decide the Veteran’s claim so that he is afforded every possible consideration. See 38 U.S.C. § 5103A; 38 C.F.R. § 3.159(c).

Service connection for bilateral hearing loss and tinnitus

The Veteran contends that he has bilateral hearing loss and tinnitus that is due to excessive noise exposure during military service. See April 2019 Statement in Support of Claim.

In the June 2019 rating decision, the AOJ rendered a favorable finding that the Veteran’s military occupational specialty (MOS) was a cannon crewmember and exposure to military noise is established. 

The Board finds that the issues of entitlement for service connection for bilateral hearing loss and tinnitus must be remanded in order to correct duty to assist errors that occurred prior to the June 2019 decision on appeal.

The Veteran was afforded a VA examination in June 2019. Regarding the Veteran's claim for bilateral hearing loss, the examiner attempted to perform an audiogram but was unsuccessful. He marked Could Not Test (CNT) at all indicated frequencies, as well as on the speech discrimination test. The examiner stated that the frequencies could not be tested due to poor reliability and speech reception thresholds (SRT) is below pure-tone average (PTA). He indicated multiple attempts were made, but the Veteran reported he could not hear. The examiner was unable to provide a medical opinion regarding the etiology of the Veteran’s hearing loss without resorting to speculation as the responses were too variable to diagnose the severity and configuration of hearing loss; hearing sensitivity remains undetermined at this time and an opinion regarding adjudication for hearing loss is therefore not offered. 

Regarding tinnitus, the Veteran reported at the examination that he has constant bilateral tinnitus for the past forty years. The VA examiner stated that without a diagnosis of hearing loss severity and configuration, an opinion regarding the relationship between tinnitus and hearing loss would be based on speculation at this time. He indicated that the Veteran would have to be re-evaluated in an effort to obtain more reliable results for the adjudication process to proceed. The same VA examiner reiterated his conclusion for tinnitus in a June 2019 addendum opinion. He stated that without a diagnosis of hearing loss severity and configuration, an opinion regarding the relationship between tinnitus and hearing loss would be based on speculation at this time. The Veteran will have to be re-evaluated in an effort to obtain more reliable results for the adjudication process to proceed. 

As the medical evidence is inadequate, the Board cannot proceed with the merits of this claim. See Colvin v. Derwinski, 1 Vet. App. 171, 175 (1991) (noting that when the medical evidence of record is insufficient in the opinion of the Board, or of doubtful weight or credibility, the Board must supplement the record by seeking an advisory opinion or ordering a medical examination). The AOJ should have requested another audiological examination to afford the Veteran an opportunity to be re-evaluated so that a medical opinion could be rendered.

A review of the Veteran’s service treatment records (STRs) show that he was seen in January 1977 for otitis media. He was also seen in January 1978 for right ear otitis media and August 1979 for otitis external. A December treatment record documented that he was seen in December 1979 for serous otitis. There is no indication in the June 2019 VA audio examination that these STRs were considered and on remand, the VA examiner must review these records prior to rendering his or her opinion. 

Additionally, the Veteran is in receipt of Social Security Administration (SSA) disability. However, it does not appear that the RO has attempted to obtain the Veteran's SSA records. As such, a remand is necessary to obtain these records.

Consequently, the Board finds that to correct the pre-decisional duty to assist errors, a remand is necessary to obtain a new VA examination and to obtain SSA records. 

The matters are REMANDED for the following action:

1. With any assistance necessary from the Veteran, obtain the Veteran's complete SSA records, including any administrative decisions on his application for disability benefits and all underlying medical records which are in SSA's possession.

2. After completion of the above, arrange for a VA examination to address the claim for bilateral hearing loss and tinnitus. The record, including a copy of this remand, must be made available to the examiner, and the examination report should include discussion of the Veteran's documented medical history and assertions. All indicated tests and studies should be accomplished (with all findings made available to the requesting examiner prior to the completion of his or her report), and all clinical findings should be reported in detail.

The examiner must opine as to whether the bilateral hearing loss and tinnitus at least as likely as not (50 percent or greater probability)

a) had its onset in service; 

b) was otherwise incurred in service to specifically include the competently reported in-service noise exposure (Veteran's military occupational specialty was a cannon crewmember); or

c) manifested to a compensable degree within one year of service.

The examiner must discuss the STRs that documented that the Veteran was seen in January 1977 for otitis media, January 1978 for right ear otitis media, August 1979 for otitis external and December 1979 for serous otitis.

The examiner is reminded that the lack of evidence demonstrating a complaint, treatment or diagnosis of hearing loss or tinnitus in service, while probative, may not serve as the sole basis for a negative nexus opinion.

In considering any lay statements of record, the examiner should note that the Veteran is competent to attest to matters of which he had first-hand knowledge, including observable symptomatology. If there is a medical basis to support or doubt the history provided by the Veteran, the examiner should provide a fully reasoned explanation.

The examination report must include a complete rationale for any opinion provided. If the examiner cannot provide the requested opinion without resorting to speculation, it must be so stated, and the examiner must provide the reasons why an opinion would require speculation.

 

 

MARJORIE A. AUER

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board E. Kim, Associate Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.